## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MASSOUD N. POUR,<br>          Appellant, | DOCKET NUMBER<br>SF-0752-14-0672-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>          Agency. | DATE: March 28, 2016 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Minoo Seyedan, Bakersfield, California, for the appellant.

William L. Sims, Monterey, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2        On July 8, 2014, the appellant filed an appeal of the agency's decision to remove him from his Assistant Professor position effective June 27, 2014. Initial Appeal File (IAF), Tab 1. He requested a hearing and indicated that he was raising an affirmative defense of whistleblowing reprisal. *Id.*

¶3        The administrative judge conducted a telephonic prehearing conference on October 2, 2014, and on October 7, 2014, he issued a written summary of the conference call. IAF, Tabs 19-20. In the summary, the administrative judge related that the appellant had withdrawn his hearing request and moved for a decision based on the written record. IAF, Tab 20 at 1. The administrative judge did not specifically mention the appellant's whistleblowing reprisal claim, but stated in general terms that the appellant had "confirmed that he is not raising any affirmative defenses or other claims." *Id.* at 2. The administrative judge also informed the parties that "[a]ny exceptions or objections to the summary and order above must be received in this office within ten calendar dates of the date of this Order or shall be deemed waived." *Id.* at 22. The appellant did not file a timely objection to the summary, but he renewed his request for a hearing in a subsequent pleading. IAF, Tab 21 at 4-5.

¶4        Based on the written record, the administrative judge issued an initial decision sustaining the removal action. IAF, Tab 51, Initial Decision. This petition for review followed. Petition for Review (PFR) File, Tab 3. On review, the appellant argues, among other things, that the administrative judge "rushed" his representative into making a decision to withdraw the hearing request. *Id.* at 28. In particular, he asserts that the administrative judge told his representative at the prehearing conference that the scheduled hearing date could not be changed and that the hearing would need to be canceled for an extension of time to obtain documents in a pending criminal case. *Id.* at 4. The appellant also objects that the administrative judge failed to address his whistleblowing retaliation claim, which he describes as "THE MAIN ISSUE" in his appeal. *Id.* at

19.  The agency has filed a response, to which the appellant has replied.  PFR File, Tabs 5, 9.

¶5        We have long held that an appellant's right to a hearing in a Board appeal is of cardinal importance.  *See Conant v. Office of Personnel Management*, 79 M.S.P.R. 148, 150 (1998).  An appellant may withdraw his request for a hearing in his appeal, and the effect of such a decision on his part is an adjudication based on the written record.  *Id*.  However, because strong policy considerations favor granting an appellant a hearing on the merits of his case, we have held that an appellant may waive the right to a hearing only by clear, unequivocal, and decisive action.  *Id*.  Further, the waiver must be an informed one.  *Id*.  An appellant's waiver of the right to a hearing is informed when he has been fully apprised of the relevant adjudicatory requirements and options in his case, including the right to request a postponement or continuance of the hearing and a dismissal of the appeal without prejudice to its timely refiling.  *Id*. at 151.

¶6        During the recorded portion of the October 2, 2014 conference call, the appellant's representative clearly indicated that the appellant wished to withdraw his request for a hearing and obtain a decision on the written record.  IAF, Tab 19.  However, the record does not contain audio or written documentation of the circumstances surrounding the withdrawal of the hearing request.  IAF, Tabs 19-20.  Crucially, the administrative judge did not document that the appellant or his representative, neither of whom is an attorney, was informed of any alternatives to withdrawing the hearing request, such as a postponement or continuance of the hearing or dismissal without prejudice.  IAF, Tabs 19-20; *see Pariseau v. Department of the Air Force*, 113 M.S.P.R. 370, ¶ 10 (2010); *Graves v. U.S. Postal Service*, 106 M.S.P.R. 224, ¶ 6 (2007); *Conant*, 79 M.S.P.R. at 151.  Hence, even though the appellant's decision was clear and unequivocal, the record does not show that his decision was informed.  *See Pariseau*, 113 M.S.P.R. 370, ¶ 10.  Therefore, given the strong policy in favor of granting a hearing on the merits of his appeal, we must remand the case to provide the appellant the hearing

he initially requested and evidently still desires. *See Pariseau*, [113 M.S.P.R. 370](#), ¶ 10; *Graves*, [106 M.S.P.R. 224](#), ¶ 6; *Conant*, 79 M.S.P.R. at 151-52.

¶7 The record also does not clearly document that the appellant intended to withdraw his affirmative defense of whistleblowing retaliation. Generally, an appellant is deemed to have abandoned an affirmative defense if it is not included in the list of issues in a prehearing conference summary, and the appellant was afforded an opportunity to object to the conference summary. *Wynn v. U.S. Postal Service*, [115 M.S.P.R. 146](#), ¶ 10 (2010). However, we have held if an appellant expresses an intention to withdraw an affirmative defense, in the close or record order or prehearing conference summary and order, the administrative judge must, at a minimum, identify the affirmative defense, explain that the Board will no longer consider it when deciding the appeal, and give the appellant an opportunity to object to withdrawal of the affirmative defense. *Id*. If the administrative judge does not provide the required notice, then the Board will not deem an affirmative defense to have been abandoned even if the appellant does not object to the summary. *See Potter v. Department of Veterans Affairs*, [116 M.S.P.R. 256](#), ¶ 11 n.3 (2011).

¶8 Here, the administrative judge stated in the summary of the prehearing conference that the appellant had "confirmed that he is not raising any affirmative defenses or other claims." IAF, Tab 20 at 2. He further stated, that no "other" affirmative defenses would be considered "absent a specific timely motion requesting otherwise followed by an order." *Id*.[2] However, the administrative judge did not at any point acknowledge that the appellant had raised a whistleblowing reprisal claim, or indicate that he had withdrawn it. *Id*. Moreover, the recorded portion of the prehearing conference contains no

---

[2] For reasons that are unclear, the administrative judge proceeded to explain at great length the standards and burdens of proof applicable to disability discrimination claims, among various other affirmative defenses. *Id*. at 3‑19. In the course of the discussion, the administrative judge offered only a truncated summary of the burdens of proof applicable to a claim of whistleblowing reprisal under [5 U.S.C. § 2302](#)(b)(8). *Id*. at 18.

reference to the appellant's whistleblowing reprisal claim, his alleged withdrawal of that claim, or any other issue involving affirmative defenses.   IAF, Tab 19. Under these circumstances, we cannot be confident that the appellant intended to withdraw his whistleblowing reprisal claim.  *See Wynn*, 115 M.S.P.R. 146, ¶ 10. Accordingly, on remand, the administrative judge should apprise the appellant of the burdens of proof applicable to that affirmative defense, as well as the kind of evidence the appellant is required to produce to meet his burden, and either adjudicate the claim or document the appellant's desire to withdraw it, as appropriate. *See id.*

## ORDER

¶9      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.